# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption: Lu v. Kwon et al

District Court Number: 1:25-cv-13649-AK

Fee: Paid? Yes ____ No X Government filer ____ *In Forma Pauperis* Yes ____ No X

Motions Pending Yes ____ No X
*If yes, document #* ________

Sealed documents Yes ____ No X
*If yes, document #* ________

*Ex parte* documents Yes ____ No X
*If yes, document #* ________

Transcripts Yes ____ No X
*If yes, document #* ________

Notice of Appeal filed by: Plaintiff/Petitioner X Defendant/Respondent ____ Other: ____

Appeal from:

NOTICE OF APPEAL as to 22 Memorandum & ORDER, 23 Order Dismissing Case

Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

Docket entry [22] and [23]

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # 24 filed on 8/27/2026.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on 8/28/2026.

**ROBERT M. FARRELL**
Clerk of Court

/s/ Courtney Horvath
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: ____________________

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL,EFiler,ProSe

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:25-cv-13649-AK

Lu v. Kwon et al
Assigned to: District Judge Angel Kelley
related Case: 1:23-cv-12045-AK
Cause: 42:1981 Civil Rights

Date Filed: 12/03/2025
Date Terminated: 08/05/2026
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Pro se litigant Kang Lu** represented by **Kang Lu**
5753 Highway 85 North #2442
#3
Crestview, FL 32536
850-517-1010
Email: libertywithoutlicense@gmail.com
PRO SE

V.

**Defendant**

**Gina K Kwon**
*In her Personal and Official Capacity as Sercretary of the Executive Office of Public Safety (EOPSS) nd Security*

represented by **Alexander Weiss**
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2934
Email: alexander.weiss@mass.gov
*TERMINATED: 01/12/2026*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
Massachusetts Office of the Attorney General
1 Ashburton Pl.
Suite 1813
Boston, MA 02108
617-963-2907
Email: mathias.fressilli@mass.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Andrea Joy Campbell**
*In her Personal and Official Capacity as Attorney General of Massachusetts*

represented by **Alexander Weiss**
(See above for address)
*TERMINATED: 01/12/2026*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 12/03/2025 | 1 | COMPLAINT against All Defendants, filed by Kang Lu. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form, # 3 Exhibit)(FC) (Entered: 12/03/2025) |
| 12/03/2025 | 2 | MOTION for Leave to file electronically Pro Se by Kang Lu.(FC) (Entered: 12/03/2025) |
| 12/03/2025 | 3 | Filing fee/payment: $ 405.00, receipt number 100013767 for 1 Complaint (NVB) (Entered: 12/03/2025) |
| 12/03/2025 | 4 | ELECTRONIC NOTICE of Case Assignment. District Judge Angel Kelley assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge M. Page Kelley. (LBO) (Entered: 12/03/2025) |
| 12/03/2025 | 5 | Summons Issued as to Andrea Joy Campbell, Gina K Kwon. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (FC) (Entered: 12/03/2025) |
| 12/03/2025 | 6 | District Judge Angel Kelley: ORDER entered. Standing Order Regarding Motion Practice. (CEH) (Entered: 12/03/2025) |
| 12/03/2025 | 7 | SUMMONS Returned Executed Gina K Kwon served on 12/3/2025, answer due 12/24/2025. (CEH) (Entered: 12/04/2025) |
| 12/03/2025 | 8 | SUMMONS Returned Executed Andrea Joy Campbell served on 12/3/2025, answer due 12/24/2025. (CEH) (Entered: 12/04/2025) |
| 12/22/2025 | 9 | NOTICE of Appearance by Alexander Weiss on behalf of Andrea Joy Campbell, Gina K Kwon (Weiss, Alexander) (Entered: 12/22/2025) |
| 12/22/2025 | 10 | Assented to MOTION for Extension of Time to February 22, 2026 to File Answer *to Complaint* by Andrea Joy Campbell, Gina K Kwon.(Weiss, Alexander) (Entered: 12/22/2025) |
| 12/23/2025 | 11 | District Judge Angel Kelley: ELECTRONIC ORDER entered **GRANTING** 10 Assented to MOTION for Extension of Time to February 22, 2026 to File Answer to Complaint.<br><br>Andrea Joy Campbell and Gina K Kwon answer due 2/22/2026. (CEH) (Entered: 12/23/2025) |
| 12/23/2025 | 12 | District Judge Angel Kelley: ELECTRONIC ORDER entered.<br><br>Pro se Plaintiff Kang Lu's 2 Motion for Leave to File Electronically is **GRANTED** |

| | | |
|---|---|---|
| | | for the instant matter only. All self-represented parties are required to comply with the Local Rules and the Federal Rules of Civil Procedure. See Local Rule 83.5.5(d). Moreover, when self-represented parties register for CM/ECF, they agree to the Non-Attorney E-filing Terms and Conditions, which provide that self-represented litigants agree to adhere to local rules, orders, policies, and procedures governing electronic filing for the Court. The Court expects Plaintiff to use the electronic filing system (CM/ECF) properly. Further guidance on using CM/ECF can be found at https://www.mad.uscourts.gov/caseinfo/cmecf-general.htm, and information about civil cases in federal courts can be found at https://www.uscourts.gov/about-federal-courts/types-cases/civil-cases. The Court requires all self-represented parties to review these resources and familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. Should any misuse occur, the Court may vacate this Order and Plaintiff will be restricted from CM/ECF system and electronic filing.<br><br>Pro se litigants must have an individual PACER account to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account.<br><br>Pro se e-filing account Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-se.htm.<br><br>If you already have a PACER account with E-Filing access as a pro se litigant, you do not need to register again, but you must email tracy_mclaughlin@mad.uscourts.gov with the docket number so your account can be updated allowing you to E-file.<br><br>(CEH) (Entered: 12/23/2025) |
| 01/12/2026 | 13 | NOTICE of Appearance by Mathias Francis Fressilli on behalf of Andrea Joy Campbell, Gina K Kwon (Fressilli, Mathias) (Entered: 01/12/2026) |
| 01/12/2026 | 14 | NOTICE of Withdrawal of Appearance by Alexander Weiss (Weiss, Alexander) (Entered: 01/12/2026) |
| 01/20/2026 | 15 | NOTICE of Appearance by Mathias Francis Fressilli on behalf of Andrea Joy Campbell (Fressilli, Mathias) (Entered: 01/20/2026) |
| 02/20/2026 | 16 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Andrea Joy Campbell, Gina K Kwon. (Attachments: # 1 Memorandum in Support of Defendants' Motion to Dismiss)(Fressilli, Mathias) (Entered: 02/20/2026) |
| 02/27/2026 | 17 | First MOTION to Dismiss *without prejudice* by Kang Lu.(Lu, Kang) (Entered: 02/27/2026) |
| 02/27/2026 | 18 | Assented to MOTION for Extension of Time to 03/27/2026 to File Opposition by Kang Lu.(Lu, Kang) (Entered: 02/27/2026) |
| 03/02/2026 | 19 | District Judge Angel Kelley: ELECTRONIC ORDER entered **GRANTING** 18 Assented to MOTION for Extension of Time to 03/27/2026 to File Opposition by Kang Lu. (SP) (Entered: 03/02/2026) |
| 03/25/2026 | 20 | First Opposition re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Kang Lu. (Lu, Kang) (Entered: 03/25/2026) |

| | | |
|---|---|---|
| 08/05/2026 | 21 | District Judge Angel Kelley: ELECTRONIC ORDER entered **ALLOWING** Plaintiff's assented-to [Dkt. 17] Motion to Dismiss Without Prejudice. Construing the Motion as brought pursuant to Federal Rules of Civil Procedure 15(a), Plaintiff's claims against Campbell in her personal capacity are dismissed, while claims brought against Campbell in her official capacity remain. SeeSchwartz v. CACH, LLC, No. 13-CV-12644, 2013 WL 6152343, at *3 (D. Mass. Nov. 21, 2013) ("The proper route to drop some but not all claims is to seek leave to amend pursuant to Fed. R. Civ. P. 15(a)."). <br><br> (CEH) (Entered: 08/05/2026) |
| 08/05/2026 | 22 | District Judge Angel Kelley: ORDER entered. MEMORANDUM AND ORDER. For the reasons stated in the attached memorandum, Defendants' 16 Motion to Dismiss is **GRANTED**. Plaintiff's alternative request for leave to amend is **DENIED.** (CEH) (Entered: 08/05/2026) |
| 08/05/2026 | 23 | District Judge Angel Kelley: ORDER entered. ORDER DISMISSING CASE (CEH) (Entered: 08/05/2026) |
| 08/27/2026 | 24 | NOTICE OF APPEAL as to 22 Memorandum & ORDER, 23 Order Dismissing Case by Kang Lu. <br><br> NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 9/16/2026. (Lu, Kang) (Entered: 08/28/2026)** |
| 08/28/2026 | 25 | NOTICE by Kang Lu *Certificate Of No Transcript* (Lu, Kang) (Entered: 08/28/2026) |
| 08/28/2026 | 26 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 24 Notice of Appeal (CEH) (Entered: 08/28/2026) |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| KANG LU,<br><br>Plaintiff,<br><br>v.<br><br>GINA K. KWON, in her official capacity as Secretary of the Executive Office of Public Safety and Security ("EOPSS"), and ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts,<br><br>Defendants. | ) | Civil Action No. 25-CV-13649-AK |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

**KELLEY, D.J.**

Plaintiff Kang Lu, proceeding *pro se*, brings this Second Amendment and Fourteenth Amendment civil rights action against Defendants Gina Kwon and Andrea Campbell. Plaintiff seeks damages for his prior criminal conviction for the unlicensed possession of a firearm, which was vacated after the Massachusetts Supreme Judicial Court held that the licensing statute under which he was charged was unconstitutional. He also seeks declaratory relief that the since-amended licensing statute applies only to professional users of firearms. Defendants move to dismiss for failure to state a claim. [Dkt. 16]. Plaintiff opposes the Motion and also requests, in the alternative, leave to amend the Complaint to address any deficiencies identified by the Court. [Dkt. 20]. For the following reasons, Defendants' Motion to Dismiss is **GRANTED**. Lu's alternative request for leave to amend is **DENIED**.

## I. FACTUAL BACKGROUND

Unless otherwise noted, the following facts are taken from the Complaint and accepted as true for the purposes of this Motion. [Dkt. 1]. Prior to 2022, the Commonwealth of Massachusetts maintained a so-called "may-issue" firearm licensing statute, codified at Mass. G.L. ch. 140 § 131F ("Section 131F"). Under a "may-issue" licensing statute, individuals seeking to carry a firearm must apply to a governmental licensing authority, who then has substantial discretion to approve or deny the application based on a showing of individualized need. Thus, pursuant to Section 131F, the Massachusetts Colonel of the State Police had authority to issue a firearm license "subject to such terms and conditions as said colonel may deem proper." Id.

Plaintiff Kang Lu is a New Hampshire resident who owns a private rural farm in Massachusetts. On June 6, 2020, Lu was on his farm with his son practicing "target shooting" when they unexpectedly encountered a trespasser on the property. [Dkt. 1 ¶ 10]. The trespasser called the police, alleging that Lu began "shooting" at him in an "attempt[] to remove him from the property." [Dkt. 1-3 at 2]. Local police arrived and secured the scene. [Id. at 1]. After questioning Lu, they discovered that he had a license to carry a firearm in New Hampshire but was not licensed in Massachusetts. [Id.].

As a result, on March 12, 2021, Lu was indicted in state court for carrying a firearm without a license; possessing ammunition without a Firearms ID ("FID") Card; possessing a large capacity magazine; and assault with a dangerous weapon. See Commonwealth v. Kang Lu, No. 2179CR00067 (Mass. Hampden Cnty. Super. Ct. Mar. 12, 2021).[1] Plaintiff went to trial, and

---

[1] This Court may take judicial notice of other court proceedings, including state court records, but not for the truth of any matter asserted during the proceedings. See Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008).

on June 29, 2023, the jury found him guilty of carrying a firearm without a license and possessing ammunition without an FID Card, and not guilty of the remaining charges. See id.

Lu appealed. See id. During the pendency of his state court proceedings, including his appeal, Lu was subject to four days of pretrial detention, approximately 525 days of GPS monitoring and travel restrictions, was temporarily deprived of the ability to keep and bear arms, and he lost his job. [Dkt. 1 ¶ 15]. Lu also had difficulty obtaining or maintaining employment because of the criminal charges on his record. [Id.].

In 2022, the Supreme Court held in N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), that New York's "may-issue" firearm licensing regime violated the Second Amendment. On June 9, 2025, while Lu's appeal was pending, the Massachusetts Supreme Judicial Court held that Section 131F was unconstitutional under Bruen. See Commonwealth v. Donnell, 495 Mass. 471 (2025). Lu thus moved for post-conviction relief, which was granted, and both his criminal charges were dismissed.

The Massachusetts Legislature has since amended Section 131F to address the deficiencies identified in Bruen and Donnell. The currently operative statute is a so-called "shall-issue" licensing statute. That is, so long as certain statutory conditions are met—i.e., that the applicant is not a "prohibited person" or "unsuitable to be issued a license"—the licensing authority is required to issue a license to the applicant. See Mass. G.L. ch. 140, §§ 121, 131(d), 131F. The amended Section 131F was upheld as constitutional by the Massachusetts Supreme Judicial Court in Commonwealth v. Marquis, 495 Mass. 434, 436 (2025).

## II. PROCEDURAL BACKGROUND

Plaintiff previously brought a substantially similar action before this Court concerning his conviction under Section 131F. On September 1, 2023, Lu sued the Massachusetts Executive

Office of Public Safety and Security ("EOPSS"), former Secretary of EOPSS Terrence Reidy, the Office of the Attorney General, and Attorney General Campbell. See Lu v. EOPSS, No. 23-CV-12045-AK (D. Mass. Sep. 1, 2023). Lu sought a declaratory judgment to prevent the defendants from prosecuting him under Section 131F. See id. at Dkt. 1. The Court dismissed Lu's complaint under the doctrine of Younger abstention, noting that, at the time, Lu's criminal appeal in state court was still pending. Id. at Dkt. 49. The Court also determined that, to the extent Lu brought a Second Amendment challenge to the amended Section 131F, such a claim was "not viable under the Supreme Court's decision in Bruen which explicitly upheld such licensing schemes." Id. (citing Bruen, 597 U.S. 1).

Plaintiff now brings the instant action. On December 3, 2025, Lu filed a Complaint against Gina Kwon, Secretary of EOPSS, in her official capacity, and Andrea Campbell, Attorney General of Massachusetts, in her official and individual capacity, seeking both declaratory relief and retroactive damages. [Dkt. 1]. He brings a civil rights action under 42 U.S.C. § 1983 alleging violations of the Second Amendment and Fourteenth Amendment's Equal Protection Clause. Defendants filed a Motion to Dismiss for failure to state a claim on February 20, 2026. [Dkt. 16]. On February 27, 2026, Lu voluntarily dismissed his claims against Campbell in her individual capacity. [Dkt. 17]. Lu filed an Opposition to Defendants' Motion to Dismiss on March 25, 2026, in which he opposes the Motion and requests leave to amend, in the alternative. [Dkt. 20].

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint "as a whole," the court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id. Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id. A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Second, the court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).

## IV. DISCUSSION

Following his voluntary dismissal of the claims against Campbell in her individual capacity, Lu pursues his Section 1983 action against Defendants in their official capacities under the Second Amendment and the Fourteenth Amendment's Equal Protection Clause. Lu appears to seek both retroactive damages for the harm he allegedly suffered due to his prior criminal proceedings, as well as declaratory relief to prevent Defendants from enforcing Section 131F against him.[2]

### A. Eleventh Amendment Immunity

As an initial matter, Plaintiff's retroactive damages claims are barred under sovereign immunity. States and the federal government are immune from private suits under the Eleventh

[2] As Lu is proceeding *pro se*, the Court endeavors to construe his arguments and allegations liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Amendment. See U.S. Const. amend. XI; Hans v. Louisiana, 134 U.S. 1, 13 (1890); see also Horizon Bank & Tr. Co. v Flaherty, 309 F. Supp. 2d 178, 182 (D. Mass. 2004). This protection extends to a state's instrumentalities, including state officials acting in their official capacity. Valez Rivera v. Agosto Alicea, 334 F. Supp. 2d 72, 82-3 (D.P.R 2004). While there is an exception to Eleventh Amendment for suits seeking prospective relief, suits seeking damages are barred. See Ex parte Young, 209 U.S. 123 (1908); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 96 (1984); Seminole Tribe v. Florida, 517 U.S. 44, 45 (1996); Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F. 3d 464, 478 (1st Cir. 2009).

Here, because Plaintiff sues Defendants only in their official and not individual capacities, monetary relief is not available. Thus, to the extent Plaintiff's Complaint seeks damages, such as for harm he allegedly suffered from his prior state court conviction under Section 131F, his claims are barred by the Eleventh Amendment. See Ramos-Cruz v. Puerto Rico, No. CV 23-1449, 2024 WL 5290902, at *8 (D.P.R. June 25, 2024) (dismissing Second Amendment claim under Eleventh Amendment immunity insofar as plaintiff sought monetary damages against state officials in their official capacity), report and recommendation adopted, No. CV 23-1449, 2024 WL 5185711 (D.P.R. Dec. 20, 2024). However, this does not affect Plaintiff's claims seeking prospective declaratory or injunctive relief. See id. (citing Doe v. Shibinette, 16 F.4th 894, 903 (1st Cir. 2021)).

**B. Second Amendment**

Plaintiff's principal prospective claim is an as-applied Second Amendment challenge to Section 131F. He argues that the statute does not authorize Defendants to impose licensing requirements on recreational (as opposed to professional) firearm users, and doing so abridges his Second Amendment right to bear arms.

A constitutional attack on a statute can come in two forms: a facial challenge or an as-applied challenge. To succeed on a facial challenge, the plaintiff must show "that the statute lacks any 'plainly legitimate sweep.'" Hightower v. City of Boston, 693 F.3d 61, 77 (1st Cir. 2012) (quoting United States v. Stevens, 559 U.S. 460, 472 (2010)). In other words, every application of the statute must be unconstitutional for a successful facial challenge. See id. In contrast, to succeed on an as-applied challenge, the plaintiff need only show that the statute is unconstitutional as applied to the circumstances of his case. Id. at 71-72; Lacedra v. United States, 791 F. Supp. 3d 261 (D. Mass. 2025). Thus, in this case, Lu does not need to demonstrate that Section 131F is unconstitutional in all its applications. Rather, he argues that Section 131 violates the Second Amendment only insofar as Defendants apply it to him as a recreational firearm user.

The Second Amendment states that "[a] well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." U.S. Const. Amend. II. In Bruen, the Supreme Court articulated a two-step framework for analyzing Second Amendment claims, which the First Circuit has adopted. See Beckwith v. Frey, 171 F. 4th 560, 565 (1st Cir. 2026). First, the court must assess whether "the plain text of the Second Amendment covers [the plaintiff's] conduct." Ramos-Cruz, 2024 WL 5290902, at *4. If it does, the court moves to step two, where the burden shifts to the government to demonstrate that the plaintiff's disarmament is "consistent with the Nation's historical tradition of firearm regulation." United States v. Trinidad-Nova, 802 F. Supp. 3d 333, 338 (D.P.R. 2025) (quoting Bruen, 597 U.S. at 24); see also United States v. Langston, 110 F.4th 408 (1st Cir.), cert. denied, 145 S. Ct. 581 (2024).

The First Circuit has explained that "shall-issue" licensing statutes, such as Section 131F,

are "presumptively constitutional" under the first step of Bruen. Beckwith, 171 F. 4th at 565, 568-70. Accordingly, courts reviewing such schemes generally need not proceed to the second step of the Bruen analysis. See id. This is because "shall-issue" statutes "regulate[] conduct that occurs *before* a person keeps or carries a gun." Id. at 568 (emphasis added). Specifically, "shall-issue" licensing schemes usually require applicants only to undergo a background check or complete a firearms safety course, which are "narrow, objective" standards "designed to ensure only that those bearing arms in the jurisdiction are, in fact, law-abiding, responsible citizens." Bruen, 579 U.S. at 39 n.9. Although such requirements may delay the *purchase* of a firearm, they do not categorically deny an individual the right to carry. See Beckwith, 171 F. 4th at 565, 568-70. Nor do they give licensing authorities "unfettered discretion" to deny applications absent a showing of individualized need, as do "may-issue" schemes. Donnell, 495 Mass. at 481. As a result, "shall-issue" regimes do not regulate conduct that falls under the Second Amendment's plain text, as required under Bruen's first step. See Beckwith, 171 F. 4th at 565, 568-70.

Nevertheless, the Supreme Court recognized in a footnote in Bruen that "shall-issue" laws can still be unconstitutional if the plaintiff demonstrates that the scheme is "put toward abusive ends." Bruen, 597 U.S. at 38 n.9. As examples, the Court listed "lengthy wait times in processing license applications" and "exorbitant fees [that] deny ordinary citizens their right to public carry." Id.

Here, Plaintiff appears to argue that Section 131F falls within the "abusive-ends" exception and therefore is not entitled to the presumption of constitutionality. Specifically, he cites the federal Administrative Procedure Act for the argument that government action is "abusive" when it is "in excess of statutory authority or limitations." [See Dkt. 20 ¶ 17 (citing 5

U.S.C. § 706)]. According to Plaintiff, Defendants do not have authority under Section 131F to require licenses for recreational users. By exceeding their statutory authority, Plaintiff argues, they have acted in an "abusive" manner.

The Court assumes without deciding for purposes of this Order that the Second Amendment's test for "abusive" government behavior incorporates the standard for arbitrary and capricious executive action under the Administrative Procedure Act. Even under such an assumption, however, the Court finds that Defendants have not exceeded their statutory authority because Section 131F authorizes them to issue firearm licenses to recreational users.

The Court applies the ordinary tools of statutory interpretation, beginning with the language of the statute. Green v. Sunday River Skiway Co., 81 F. Supp. 2d 122, 126 (D. Me 1999). Section 131F states, in relevant part:

> A temporary license to carry firearms . . . shall be issued by the colonel of state police . . . to a nonresident or any person not falling within the jurisdiction of a local licensing authority or to a citizen or national of the United States or a person who maintains legal permanent residency for purposes of firearms competition if it appears that the applicant is not a prohibited person and is not determined unsuitable to be issued a license.

Mass. G.L. ch. 140 § 131F. The language explicitly states that it applies to "a nonresident or any person," with exceptions not applicable here. It contains no carveout, as Plaintiff argues, for nonresidents who use firearms only recreationally, nor does it specify that it applies only to professional firearm users. Thus, the language of Section 131F applies to recreational users.[3]

Plaintiff contends that three other statutory or regulatory provisions restrict Defendants' authority to require recreational firearm licenses. However, the provisions Plaintiff cites are

[3] Plaintiff argues that the Court must apply the canon of constitutional avoidance to interpret the statute in a manner that avoids constitutional issues. However, the canon applies "only when the statute is ambiguous." In re Fin. Oversight & Mgmt. Bd. for P.R., 948 F.3d 457, 475-76 (1st Cir. 2020). There is no ambiguity in Section 131F here.

irrelevant, inapplicable outside of their narrow contexts, or do not restrict Defendants' authority in the manner Plaintiff suggests.

First, Plaintiff argues that a "licensing authority" is defined in Mass. G.L. ch. 6 § 172N as one "with the authority to impose occupational fees or licensing requirements on a profession." According to Plaintiff, this provision authorizes agencies to issue "profession[ional]" licenses only, not recreational licenses. However, Section 172N expressly states that it applies only "[f]or purposes of this section." Thus, its definition does not carry over to other sections of the Massachusetts General Laws, including Section 131F.

Second, Plaintiff cites Mass. G. L. ch. 6, § 172B.5 to argue that Defendants lack authority to require fingerprints from recreational firearm license applicants. That provision provides that "[m]unicipalities may, by local ordinance, require applicants for licenses in *specified occupations* to submit a full set of fingerprints for the purpose of conducting a state and national criminal history records check." (emphasis added). Plaintiff argues that this language authorizes the collection of fingerprints only from occupational (i.e., professional) firearm license applicants. However, this provision is inapplicable. In permissive language, it allows "[m]unicipalities" to issue "local ordinance[s]" to require fingerprints. Defendants are state, not municipal, actors who are acting pursuant to existing state statutory authority to collect fingerprints. See Mass. G. L. c. 140 § 121F ("Within 7 days of receipt of the completed application the licensing authority shall forward 1 copy of the application and 1 copy of the applicant's fingerprints to the colonel of the state police."). They are not municipalities issuing local ordinances in the first instance. Thus, Section 172B.5 does not restrict Defendants' authority to issue recreational firearm licenses under Section 131F.

Finally, Plaintiff cites 803 C.M.R. § 2.01 to argue that Defendants lack authority to

require background checks for recreational firearm license applications. 803 C.M.R. Part 2.00 is a regulation that empowers licensing authorities to use the Commonwealth's Criminal Offender Record Information ("CORI") system, an online system for running background checks. As relevant here, Section 2.01 states:

> 803 CMR 2.00 sets forth the establishment and use of the iCORI system to access CORI. 803 CMR 2.00 further sets forth procedures for accessing CORI for the purpose of evaluating applicants for employment, volunteer opportunities, or professional licensing, as well as CORI complaint procedures.

803 C.M.R. § 2.01(1).

Citing this language, Plaintiff argues that background checks are authorized only for four specific categories of applicants: "applicants for employment, volunteer opportunities, . . . *professional licensing*, [and] CORI complaint procedures." (emphasis added). According to Plaintiff, the regulation's reference to "professional licensing" means that agencies are not authorized to use CORI for recreational firearm licenses.

However, the Court is not convinced that CORI is restricted to the four applications listed under § 2.01. Regulatory terms "must be read in their context and with a view to their place in the overall regulatory scheme." See Herbert v. Donahue, 167 F. 4th 1, 12 (1st Cir. 2026) (internal quotations omitted). Section 2.01 contains only the "Purpose and Scope" of 803 C.M.R. Part 2.00 and thus is not a specific grant of authority. By contrast, various other provisions within 803 C.M.R. Part 2.00 reflect that agencies may use background checks for any type of license they are authorized to administer. For example, the regulations define "licensing applicants" broadly as "[a]n otherwise qualified individual who has applied for a license and is being screened for criminal history by a governmental licensing agency." 803 C.M.R. § 2.02. This language is neither limited to the four purposes stated in § 2.01, nor does it exclude recreational firearm users. Other provisions likewise authorize licensing agencies to use CORI

to screen any license applicant, with no limiting language to only professional license applicants. See, e.g., id. § 2.04 ("A governmental licensing agency may register for an iCORI account to screen current license holders or licensing applicants."); § 2.05 ("Standard Access to CORI is available to . . . governmental licensing agencies to screen . . . licensing applicants."). Thus, 800 C.M.R. § 2.01 does not prohibit the agency from issuing background checks for recreational firearm users.[4]

In sum, Plaintiff fails to show that Defendants have put Section 131 to "abusive ends." As a result, Section 131F is presumptively constitutional under the first step of Bruen. Accordingly, Plaintiff has failed to state a cognizable Second Amendment claim.

**C. Equal Protection Clause**

Lu next argues that Section 131F violates the Equal Protection Clause because it imposes a $100 firearm licensing fee. He contends that the statute discriminates based on wealth by more heavily burdening recreational and lower-wealth individuals compared to professional or occupational firearm users. [See Dkt. 1 ¶ 26].

The Equal Protection Clause of the Fourteenth Amendment provides that "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1, cl. 2. A government action that discriminates against a person on the basis of a suspect classification, or for "the exercise of a fundamental right," is subject to heightened

[4] This reading also comports with 803 C.M.R. Part 2.00's enabling statute. See Bowen v. Georgetown Uni. Hosp., 488 U.S 204, 208 (1988); Castellini v. Lappin, 365 F. Supp. 2d 197, 200 (D. Mass. 2005) ("An agency garners its authority to act from a congressional grant of such authority in the agency's enabling statute."). 803 C.M.R. Part 2.00 derives its authority from, *inter alia*, Mass G.L. c. 6, § 172. Section 172, in turn, authorizes licensing authorities to "obtain all criminal record information, including sealed records, for the purpose of firearms licensing." In applying broadly to "firearms licensing," this authority is not restricted to only occupational or professional licenses.

scrutiny. Hellman v. Mass. Dep't of Elementary & Secondary Educ., 171 F.4th 69, 86 (1st Cir. 2026). Where a government action "does not discriminate on either basis, equal protection review . . . is 'limited to a deferential, rational basis standard.'" Id. (quoting A.C. v. McKee, 23 F.4th 37, 46 (1st Cir. 2022)).

Plaintiff contends that the Court should apply heightened scrutiny, arguing that Section 131F discriminates based on wealth. However, "wealth is not a suspect classification for purposes of the Equal Protection Clause." United States v. Myers, 294 F.3d 203, 209 (1st Cir. 2002). Thus, because Plaintiff fails to allege that Section 131F otherwise discriminates based on race, religion, alienage, or any other suspect class, rational-basis review is the proper standard of review.

Section 131F easily meets that test. "Under the rational basis test . . . [the government] need only articulate some 'reasonably conceivable set of facts' that could establish a rational relationship between the challenged laws and the government's legitimate ends." Kittery Motorcycle, Inc. v. Rowe, 320 F.3d 42, 47 (1st Cir. 2003) (quoting Montalvo-Huertas v. Rivera-Cruz, 885 F.2d 971, 978 (1st Cir. 1989)). Here, as another session of this court recently explained, Section 131F is "substantially related to the important governmental objectives of promoting public safety and preventing crimes." Ritrovato, 2025 WL 777216, at *5 (quoting Gould v. O'Leary, 291 F. Supp. 3d 155, 174 (D. Mass. 2017), aff'd sub nom. Gould v. Morgan, 907 F.3d 659 (1st Cir. 2018)). As such, Section 131F "survives rational basis review." Id. Accordingly, Lu's equal protection challenge fails.

**D. Leave to Amend**

In his Opposition to Defendants' Motion to Dismiss, Lu requests leave to amend the Complaint to cure any deficiencies identified by the Court. The First Circuit, however, has made

clear that a "contingent request to replead, contained in an opposition to a motion to dismiss" rather than a motion to amend pursuant to Federal Rule of Civil Procedure 15(a), is strongly disfavored. Fisher v. Kadant, Inc., 589 F.3d 505, 510 (1st Cir. 2009) (citing ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 57 (1st Cir. 2008); Wayne Inv., Inc. v. Gulf Oil Corp., 739 F.2d 11, 15 (1st Cir. 1984)). This is because such requests, by nature, do not contain a proposed amended complaint; as a result, the reviewing court cannot assess whether amendment would be futile under Rule 15(a). See Flores-Silva v. McClintock-Hernandez, 710 F.3d 1, 4-5 (1st Cir. 2013). Moreover, allowing amendment in such circumstances would enable plaintiffs to have "repeated bites at the apple, forcing a district judge to decide whether each successive complaint was adequate." ACA Fin. Guar. Corp., 512 F.3d at 57. This would "impose unnecessary costs and inefficiencies on both the courts and party opponents." Id.

Here, Plaintiff's request for leave to amend fails to specify the facts or legal arguments that Plaintiff would pursue, or why amendment would not be futile. He states only in a conclusory fashion that he would "address any deficiencies identified by the Court" and that "[a]mendment would not be futile." [Dkt. 20 ¶¶ 25-26]. Lu thus essentially asks for another "bite at the apple." Given the First Circuit's rule disfavoring such requests, and because it is not apparent how Plaintiff's amendment of the Complaint would survive a future motion to dismiss or otherwise be meritorious, Plaintiff's request is denied at this time.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Dkt. 16] is **GRANTED**. Lu's request for leave to amend, in the alternative, is **DENIED**.

**SO ORDERED.**

Dated: August 5, 2026

/s/ Angel Kelley
Hon. Angel Kelley

United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Kang Lu,<br><br>Plaintiff,<br><br>v.<br><br>Gina K Kwon, et al,<br><br>Defendant (s). | Civil Action No. 25-CV-13649-AK |

**ORDER OF DISMISSAL**

**ANGEL KELLEY, D.J.**

In accordance with the Court's Order [Dkt. 22] entered on 8/5/2026, it is hereby

**ORDERED** that the above-entitled action be, and hereby is, **DISMISSED**.

Dated: 8/5/2026

By the Court,

/s/ Courtney Horvath
Deputy Clerk

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Kang Lu
*Plaintiff*,

*v.*

GINA K. KWON, in her official capacity as Secretary of the Executive Office of Public Safety and Security ("EOPSS"), ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts,

*Defendants*.

Civil Action No. 25-13649-AK

## NOTICE OF APPEAL

I, Kang Lu, appearing *in propria persona*, hereby give NOTICE in accordance with Federal Appellate Procedure Rules **3** and **4**, published at *https://www.ca1.uscourts.gov/sites/ca1/files/rulebook.pdf* of my appeal as follows:

(A) Party taking the appeal: **Kang Lu**.

(B) Judgment or appealable order from which the appeal is taken:

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS (Doc. No. 22), issued **August 5, 2026**.

(C) Name of court to which the appeal is taken: United States Court of Appeals For the First Circuit (*https://www.ca1.uscourts.gov/*)

(D) Appellees: Gina K. Kwon and Andrea Joy Campbell

Dated: August 28, 2026.

Respectfully Submitted,

/s/ Kang Lu

Kang Lu,
Appellant, *in propria persona,*
5753 Highway 85 North, #2442
Crestview, Florida, 32536
LibertyWithoutLicense@gmail.com
Phone: 413-300-2102